1  Damon N. Vocke (*pro hac vice* application
   forthcoming)
2  **DUANE MORRIS LLP**
   1540 Broadway
3  New York, NY 10036-4086
   Telephone: +1 212 692 1000
4  e-mail: dnvocke@duanemorris.com

5  Daniel B. Heidtke (SBN 302450)
   **DUANE MORRIS LLP**
6  865 South Figueroa Street, Suite 3100
   Los Angeles, CA 90017-5450
7  Telephone: +1 213.689.7400
   Fax: +1 213.689.7401
8  e-mail: dbheidtke@duanemorris.com

9  Attorneys for Defendants GEICO Indemnity
   Company, GEICO General Insurance Company,
10 and GEICO Casualty Company

11              **IN THE UNITED STATES DISTRICT COURT**

12           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

14
   JACOB AMAYA, KENNETH W.                    Case No.: 22-cv-2334
15 HARRISON, and CHRISTINE
   MUSTHALER, on behalf of themselves and     **DEFENDANTS GEICO**
16 all others similarly                       **CASUALTY COMPANY, GEICO**
   situated,                                  **INDEMNITY COMPANY, AND**
17                                            **GEICO GENERAL INSURANCE**
                                              **COMPANY'S NOTICE OF**
18              Plaintiffs,                   **REMOVAL TO FEDERAL**
                                              **COURT**
19       v.

20 GEICO INDEMNITY COMPANY, GEICO
   GENERAL INSURANCE COMPANY, and
21 GEICO CASUALTY COMPANY,

              Defendants.
22

23     **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO EACH**

24 **PARTY AND THEIR ATTORNEY OF RECORD:**

25     PLEASE TAKE NOTICE THAT pursuant to the Class Action Fairness Act of

26 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and pursuant to 28 U.S.C. §§ 1441 and

27 1446, Defendants GEICO Indemnity Company, GEICO General Insurance Company,

28 and GEICO Casualty Company (collectively, "GEICO") hereby remove this action

                                    1

DM1\13009432.1

from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.  In support of this Notice of Removal, GEICO states as follows:

### Introduction

1.    Plaintiffs Jacob Amaya, Kenneth W. Harrison, and Christine Musthaler (collectively, "Plaintiffs") are GEICO auto insurance policyholders who have brought a proposed class action complaint over GEICO's alleged use of marital status as an optional rating factor in calculating premiums for their personal auto insurance.  A true and correct copy of Plaintiffs' complaint ("Complaint" or "Compl.") is attached hereto as **Exhibit 1.**  Plaintiffs bring claims for statutory damages under Cal. Ins. Code § 11629 under the Rosenthal Auto Insurance Nondiscrimination Law and for damages under Cal. Civ. Code § 52 under the Unruh Civil Rights Act.

2.    GEICO denies Plaintiffs' allegations, and states that Plaintiffs' suit is subject to dismissal on various grounds. Nevertheless, assuming Plaintiffs' allegations are true for the purposes of determining jurisdiction, this suit is properly removed to this Court under CAFA, as GEICO has satisfied all of CAFA's substantive and procedural requirements. Plaintiffs' asserted class action meets the diversity, putative class size, and amount-in-controversy requirements. For example, there are many thousands of GEICO policyholders in California, both new and renewing, who would be purportedly subject to this class action, and their alleged damages could greatly exceed $5 million.  GEICO therefore exercises its right to remove this case to federal court.

### Procedural History and Timeliness of Removal

3.    On March 16, 2022, Plaintiffs filed their Complaint against GEICO in the Superior Court of the State of California, County of Alameda, Case No. 22 CV 8390.

4.    Plaintiffs served GEICO with the Complaint on March 18, 2022.  (*See* Proof of Service, at **Exhibit 2**.)

5.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because

DM1\13009432.1

1    it has been filed within thirty (30) days of service of the Complaint on GEICO.

2         6.    As required by 28 U.S.C. § 1446(a), GEICO attaches a copy of all process,

3    pleadings, orders and records served on GEICO, including the Complaint and proof of

4    service, as **Exhibits 1 and 2**, hereto.

5         7.    Venue is proper in this Court because the Superior Court of California,

6    County of Alameda, is located in the Northern District of California, Oakland/San

7    Francisco Division.  28 U.S.C. §§ 84(b) and 1441(a) (a state-filed action subject to

8    federal jurisdiction may be removed "to the district court … for the district and division

9    embracing the place where such action is pending").

10        8.    As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal

11   is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the

12   Superior Court of California, County of Alameda.

### Background

14        9.    Plaintiffs contend that GEICO has unlawfully used marital status as a

15   rating factor in setting rates, charges, and premiums for motor vehicle liability

16   insurance. (Compl., ¶ 1.)  Plaintiffs' Complaint alleges that the use of marital status is

17   in violation of the Rosenthal Auto Insurance Nondiscrimination Law, Cal. Ins. Code §

18   11628, and also in violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51(b).

19        10.   Plaintiffs' Complaint seeks a judgment that accomplishes the following:

20   certifying a proposed class; entering judgment for Plaintiff and each class member for

21   statutory damages according to proof under the Rosenthal Auto Insurance

22   Nondiscrimination Law (including $100.00 for each separate act of GEICO in alleged

23   violation) and actual damages according to proof under the Unruh Civil Rights Act; and

24   awarding costs, attorneys' fees and pre- and post-judgment interest.  (Compl., p. 60.)

25        11.   GEICO disputes Plaintiffs' allegations and anticipates filing a motion to

26   dismiss Plaintiffs' Complaint. Nevertheless, for the limited purpose of assessing

27   whether this suit meets the requirements for removal, Plaintiff's allegations are accepted

28   as true. *See Campbell v. Vitran Exp. Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) ("in

DM1\13009432.1

1
2
3
assessing the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

4
**Basis For Removal Jurisdiction: Jurisdiction Under CAFA**

5
6
7
8
12.    As set forth more fully below, this case is properly removed to this Court under CAFA and pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. GEICO has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).[1]

9
10
11
12
13
14
15
16
13.    This case is removable under CAFA. CAFA was enacted to "grant broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952, 962 (N.D. Cal. 2018). Under CAFA, this Court has jurisdiction over any asserted class action[2] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6).  Each requirement is satisfied here.

17
18
19
20
21
14.    CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction.  *See, e.g.,* S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee Basin Operating*

22
23
24
[1]    GEICO expressly reserves all arguments against class certification. GEICO waives no argument that this matter is improper for class certification by arguing that this matter is removable under 28 U.S.C. § 1332. *See United Steel, Paper & Forestry, Rubber, Mfg.*, 602 F.3d 1087, 1091 (9th Cir. 2010) (federal jurisdiction under CAFA does not depend on certification).

25
26
27
[2]    A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiffs have styled their complaint as a "Class Action" and have asserted class allegations. *See* Compl. ¶¶ 96-110.

28

4

DM1\13009432.1

*Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

### The Minimal Diversity Requirement Is Satisfied

15.    Plaintiffs alleges that they are residents of the State of California (Compl. ¶¶ 18-20). GEICO accordingly alleges that Plaintiffs are citizens of California.

16.    Plaintiffs allege that GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company are Nebraska corporations with their principal places of business in Chevy Chase, Maryland.  (Compl., ¶¶ 21-23.) GEICO agrees.  GEICO is thus not a citizen of California.

17.    Because Plaintiffs and GEICO are citizens of different states, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### CAFA's Class Size Requirement Is Satisfied

18.    CAFA allows removal of any class action where the proposed class is more than 100 class members, which is satisfied here.  28 U.S.C. § 1332(d)(5).

19.    Plaintiff proposes a class of "All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liablity insurance policies issued by [GEICO] in California, and whose policy premiums were calculated, in whole or in part, by using the 'single' marital status of a 'principal operator' or 'occasional operator' at the time their policy was issued, re-issued, or renewed." (Compl., ¶¶ 97, 99, 101.)

20.    Plaintifs allege that the proposed class includes "thousands, if not tens of thousands, of people." (Compl., ¶ 105).

21.    GEICO submits that the putative proposed class would greatly exceed 1,000 members. Since the beginning of 2019, there have been over 4,000,000 GEICO policies issued to California policyholders whose marital status was single. (Ward Decl., ¶ 6.)

5

**There Is More Than $5 Million in Controversy**

22.     CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where "the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (amount in controversy was satisfied where defendant's affidavit demonstrated the billing for services at issue exceeded $5 million). Under this standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

23.     While GEICO disputes Plaintiffs' claims and disputes that any damages whatsoever are owed to Plaintiffs or the putative class, the merits of Plaintiffs' claims are irrelevant to the issue of whether the amount in controversy exceeds CAFA's jurisdictional threshold. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400; *Rea v. Michaels Stores*, Inc., 742 F.3d 1234, 1239 (9th Cir. 2014) (defendant submitted plausible evidence that damages could exceed jurisdictional amount where it submitted affidavit detailing hours worked by managers). Thus the damages amount is based on the amount Plaintiff *could* win on all claims. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-45 (9th Cir. 2018); *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *see also Gant v. ALDI, Inc.*, 2020 WL 1329909, at * 3-5 (C.D. Cal. March 20, 2020) (amount in controversy satisfied where affidavit from the vice president included the number of potential class members, hours worked, and hourly rate for same that totaled over $5 million in potential damages).

6

1

2

3

4

5

6

7

24.     Plaintiffs' Complaint purports to seek entry of judgment for alleged violations of the Rosenthal Auto Insurance Nondiscrimination Law and the Unruh Civil Rights Act. (Compl., at p. 60.)  While Plaintiffs' Complaint does not identify the total amount of damages that they seek, Plaintiffs seek $100.00 in statutory damages for every alleged violation of the Rosenthal Act and actual damages for every violation of the Unruh Civil Rights Act which would be no less than $4,000.00 for every offense under the statute.   The Unruh Act also allows for an award of attorneys' fees.

8

9

10

11

12

13

14

15

25.     GEICO reasonably anticipates that the putative class members will seek over $5 million dollars in damages.  Since the beginning of 2019, GEICO has issued over 4,000,000 personal-auto-insurance policies to single California residents. (Ward Decl., ¶ 6.)  If there are statutory damages sought under the RAIN Act for every purchase of a policy, then the aggregate amount would vastly exceed the CAFA threshold.  Likewise, if there are statutory and actual damages sought under the Unruh Act for each policy purchased, the aggregate amount would also vastly exceed the CAFA threshold.

16

17

26.     For the foregoing reasons, GEICO has demonstrated that all prerequisites for CAFA jurisdiction have been met.

18

19

20

21

22

23

24

25

26

27

28

DM1\13009432.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE**, Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company hereby remove this civil action from the Superior Court of the State of California, County of Alameda, to this Court, under the Class Action Fairness Act of 2005.

Dated: April 14, 2022                                   **DUANE MORRIS LLP**

By: _/s/ Daniel B. Heidtke_
     Damon Vocke (*pro hac vice application forthcoming*)
     Daniel B. Heidtke (SBN 302450)
     Attorneys for Defendant GEICO
     INDEMNITY COMPANY, GEICO
     GENERAL INSURANCE COMPANY, and
     GEICO CASUALTY COMPANY

8

DM1\13009432.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused a true and correct copy of the foregoing to be served on the following individuals on April 14, 2022 in the manner indicated:

Wyatt A. Lison (SBN — 316775)
FEINSTEIN DOYLE PAYNE
&KRAVEC, LLC
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: wlison@fdpklaw.com

☐ Via Messenger
☐ Via Fax
☐ Via U.S. Mail
☐ Via ECF Notification
☒ Via Email
☐ Via Overnight Delivery

Monique Olivier (SBN — 190385)
Christian Schreiber (SBN — 245597)
OLIVIER & SCHREIBER LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
Email: monique@osclegal.com
Email: christian@osclegal.com

*Attorneys for Plaintiffs*

DATED April 14, 2022, in Los Angeles, California.

    */s/ Daniel B. Heidtke*
    Daniel B. Heidtke

9

DM1\13009432.1